UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0664-CAS (MRWx) | Date | April 3, 2013 |
|---|---|---|---|
| Title | JEFF GALFER, ET AL. V. THE CITY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** (In Chambers:) **PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** (filed April 1, 2013) [Dkt. No. 27]

## I.    INTRODUCTION

On January 30, 2013, plaintiffs Jeff Galfer, Kristen Kittscher, and Heather Stillman filed suit against defendants the City of Los Angeles ("the City"), Xerox State & Local Solutions, Inc. ("ACS"), and Robert Andalon, Wayne Garcia, and Jamie de la Vega.  Dkt. No. 1.  The First Amended Complaint ("FAC"), filed on March 29, 2013, adds Darvina Plante, Melody Whitney, Gary Skogen, and Stefani Sherwin as named plaintiffs. Plaintiffs bring ten claims for relief, including claims for violation of their Due Process rights under the U.S. Constitution, for failure to observe a mandatory duty under California Government Code § 815.6—based upon violations of California Vehicle Code § 40200—and for unfair business practices under California Business & Professions Code § 17200.  The gravamen of plaintiff's complaint is that defendants alleged misconduct in processing, reviewing, and collecting parking citations issued by the City deprives millions of motorists of notice and a fair opportunity for a hearing, in violation of the U.S. and California Constitutions and state and federal law.  As such, plaintiffs seek to represent a class of all individuals who were issued a parking citation by the City from March 9, 2006 to the present, who have paid or deposited or will pay a fine, fee, or penalty associated with these citations to defendants.  See FAC ¶ 189.

On April 1, 2013, plaintiff Melody Whitney filed the instant ex parte application for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue.  Dkt. No. 27.  Defendants have yet to file an opposition to the application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0664-CAS (MRWx) | Date | April 3, 2013 |
|---|---|---|---|
| Title | JEFF GALFER, ET AL. V. THE CITY OF LOS ANGELES, ET AL. | | |

**II.   BACKGROUND**

In her supporting declaration, plaintiff Whitney testifies that on October 16, 2012, at 5:45 p.m., she received a parking citation from City Parking Officer P. Reth for purportedly parking in a red no-parking zone located at 4329 Colbath Avenue, Los Angeles.  Decl. of Melody Whitney ¶ 4, Ex. A.  Although the citation recited that her car was "100P IN THE RED," or 100% in the red, Whitney's car was no more than a few inches in the red.  Id. ¶ 5.  She inquired of the officer why she had received a citation and stated her intention to contest it, and the officer responded that he was "not against receiving special favors."  Id. ¶ 6.  Whitney then proceeded to take pictures of her vehicle relative to the curb, which made the officer upset; he threatened Whitney that she had made a "big mistake."  Id. ¶ 7.  Whitney thereafter left Colbath Avenue for the day.

Subsequently, she received notice by mail that she had been issued a second citation by Officer Reth on October 16, 2012, five minutes after her first citation, indicating that Whitney had parked more than 18-inches from the curb at 4349 Colbath Avenue.  Id. ¶¶ 9–10.  However, Whitney testifies that she was in fact never parked at that location, as it does not exist.

On October 23, 2012, Whitney again encountered Officer Reth while parking her car at a meter at 4327 Colbath Avenue.  Id. ¶¶ 11–13.  On December 10, 2012, she received notice in the mail that Officer Reth had issued her a citation on October 23 for parking her vehicle at an expired meter.  As before, however, Whitney contends that the information on the citation is false, as she was legally parked the entire time.  Id.

Thereafter, plaintiff sought initial review of two of her citations by mail, and by phone for another of her citations.  ACS, acting on behalf of the City, confirmed that White had timely sought an initial review of these citations, and that she would be notified by mail of the outcome.  Whitney Decl. Ex. E & F.  Thereafter, ACS sent "form letters" indicating that the citations had been upheld.  Id. ¶ 16.

Whitney then sought an in-person hearing for each of the citations.  She concurrently requested a waiver of the requirement to deposit an amount sufficient to cover the fines prior to the hearing, due to her limited financial means.  Id. ¶ 19.  After receiving Whitney's request, ACS requested further information documenting Whitney's financial hardships.  Id. Ex. H.  Whitney responded by letter that she was unable to offer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0664-CAS (MRWx) | Date | April 3, 2013 |
|---|---|---|---|
| Title | JEFF GALFER, ET AL. V. THE CITY OF LOS ANGELES, ET AL. | | |

some of the supporting documentation that defendant sought, but that she otherwise qualified for a waiver of the deposit requirement. Defendant did not respond to this letter. Id. ¶ 23.

Whitney then received another "form letter" on March 14, 2013, informing her that the fines associated with two of her citations had been doubled through the imposition of additional fees and penalties. Id. Ex. K. The letter further informed her that she had forfeited her right to an administrative hearing as the deadline had passed. Id. Thereafter, Whitney spoke to an ACS supervisor, who informed her that her fines had been doubled because Whitney failed to properly document her request for a fee waiver, and that therefore the deadline had lapsed to request a hearing as well. Id. ¶ 27.

Whitney maintains that she faces severe financial hardship if she does not receive the requested administrative hearing, in the form of the fines, fees, and penalties associated with the three citations. In addition, defendants will increase these fines if she fails to pay them, and defendants could place a DMV registration hold on Whitney's vehicle, or resort to seizure, booting, or towing of her car. Because Whitney uses her car for work, she contends that these actions would cause her irreparable injury. Id. ¶¶ 30–31.

## III.  LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0664-CAS (MRWx) | Date | April 3, 2013 |
|---|---|---|---|
| Title | JEFF GALFER, ET AL. V. THE CITY OF LOS ANGELES, ET AL. | | |

fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

## IV. DISCUSSION

Irrespective of the merits of plaintiff's claims for relief—she focuses on her claims that defendants have deprived her of her Due Process rights and violated the California Vehicle Code—the Court concludes that plaintiff has not demonstrated that she is likely to suffer irreparable injury in the absence of immediate, ex parte relief. Although her citations and associated fines apparently remain outstanding and may increase in accordance to defendant's usual policies, plaintiff has not demonstrated that any harm she faces is likely irreparable or immediate. Instead, plaintiff's claimed injuries appear to be either speculative or of the type that may be redressed through money damages if she ultimately succeeds on her claims. Plaintiff has not, for example, established that it is likely or imminent that defendants will actually or effectively seize her vehicle, even assuming that this type of harm would qualify as irreparable. Cf. Simms v. District of Columbia, 872 F. Supp. 2d 90, 104–05 (D.D.C. 2012) (finding irreparable injury where the motorist's vehicle had already been seized and was in the government's possession, which placed motorist's employment in jeopardy). As such, plaintiff has not shown that there is an emergency that will lead to "immediate and irreparable injury" if a temporary restraining order does not issue. See Fed. R. Civ. Proc. 65. Accordingly, the Court denies plaintiff's ex parte application for a TRO.

Although the Court finds that a temporary restraining order should not issue at present, the Court ORDERS defendants to show cause as to why a preliminary injunction should not issue. The Court sets the following hearing and briefing schedule for plaintiffs' request for a preliminary injunction:

- Defendants must file an opposition to plaintiff's request for a preliminary injunction by **April 15, 2013**.
- Plaintiffs must file a reply to defendants' opposition, if any, by **April 22, 2013**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0664-CAS (MRWx) | Date | April 3, 2013 |
|---|---|---|---|
| Title | JEFF GALFER, ET AL. V. THE CITY OF LOS ANGELES, ET AL. | | |

- A hearing regarding plaintiffs' request for a preliminary injunction will take place on **April 29, 2013**, at 10:00 AM, in Courtroom 5 of this Court, located at 312 North Spring Street, Los Angeles CA, 90012.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |