1  Ekwan E. Rhow - State Bar No. 174604
        eer@birdmarella.com
2  David I. Hurwitz - State Bar No. 174632
        dih@birdmarella.com
3  Sandhya Ramadas - State Bar No. 267653
        sr@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT,
        NESSIM, DROOKS & LINCENBERG, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
7
   Attorneys for Defendant XEROX STATE
8  & LOCAL SOLUTIONS, INC.

9

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  JEFF GALFER, *et al,,*                   CASE NO. CV13-00664-SJO (MRWx)

14              Plaintiffs,                   **[PROPOSED] STIPULATED
                                             PROTECTIVE ORDER**
15      vs.

16  THE CITY OF LOS ANGELES, *et al,*        ASSIGNED TO DISTRICT JUDGE
                                             HON.  S. JAMES OTERO
17              Defendants.
                                             ASSIGNED TO MAGISTRATE
18                                           JUDGE HON.  MICHAEL R. WILNER
                                             (DISCOVERY)
19

20

21          IT IS HEREBY STIPULATED AND AGREED, by and between counsel for

22  Plaintiffs Jeff Galfer, Kristen Kittscher, Heather Stillman, Darvina Plante, Melody

23  Whitney, Gary Skogen and Stefani Sherwin, on the one hand, and counsel for

24  Defendants City of Los Angeles, Robert Andalon, Wayne Garcia, Jaime De La

25  Vega, and Xerox State & Local Solutions, Inc., on the other hand, that:

26                      **GOOD CAUSE STATEMENT**

27          This action concerns claims regarding the processing, review and collection

28  of parking citations issued by the City of Los Angeles.  Documents and things that

2960089.1

1   will be requested in discovery may concern confidential personal information  of

2   motorists as well as the operational and technical capabilities of defendants' systems

3   that includes confidential information.  The party producing such information (the

4   "Producing Party") would suffer serious competitive harm if the information

5   identified above or other competitively sensitive information was made available to

6   its customers, competitors, or to the public.  The Producing Party's interest in

7   restricting the disclosure and use of the confidential information described above

8   outweighs the interest of the public in having access to such information.  Therefore,

9   good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the

10  Federal Rules of Civil Procedure to protect against improper disclosure or use of

11  confidential information produced or disclosed in this case.

## PROTECTIVE ORDER

13          Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties

14  hereby stipulate and agree to abide by this Protective Order.

## I

## INFORMATION SUBJECT TO THIS ORDER

17          1.      This Protective Order shall apply to all information, documents,

18  testimony, or other things subject to discovery in this action that contain confidential

19  personal information as well as proprietary, confidential, trade secret, or

20  commercially sensitive information, as well as any copies, excerpts, summaries,

21  derivations or compilations of any of the foregoing contained in any pleadings,

22  reports, discovery responses, correspondence, documents or things (collectively,

23  "Discovery Material"), which are designated "CONFIDENTIAL" and/or

24  "ATTORNEYS' EYES ONLY" under this Protective Order.  As used herein,

25  "Producing Party" shall refer to any party, including the parties to this action and

26  non-parties, who disclose and/or produce any Discovery Material in this action.

27  "Receiving Party" shall refer to the parties to this action who receive Discovery

28  Material from a Producing Party.

2.     Any party or non-party from whom discovery is sought in this action, and who is producing or disclosing Discovery Material, may designate it as set forth herein as:  (a) CONFIDENTIAL, or (b)  ATTORNEYS' EYES ONLY subject to this Protective Order if it contains confidential, proprietary, and/or trade secret information or other confidential research, development, or commercial information.

3.     In the absence of written permission from the Producing Party, Discovery Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY:

(a)     shall be protected from disclosure as specified herein, unless (i) the Producing Party states otherwise in writing, or (ii) a party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation; and

(b)     shall be used only for purposes of this litigation, and not for any other purpose whatsoever, including but not limited to any business, competitive, or governmental purpose or function or for any other litigation unless required by law or by order of the Court.

4.     The Producing Party may designate documents or other tangible Discovery Materials by placing the following legend or similar legend on the document or thing:  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Only those portions of written materials and deposition testimony that are confidential or attorneys' eyes only confidential should be so designated.  Notwithstanding anything to the contrary in this Protective Order, when the Producing Party is a non-party, any party to this action may designate (as appropriate under the provisions of this Protective Order) any and all Discovery Materials produced by the non-party by sending a letter to all parties and the producing non-party notifying them of the party's designations.

(a)     Written discovery may be designated by placing a legend on every page of the written material prior to production stating one of the following:

1  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2         (b)    Parties or testifying persons may designate depositions and other

3  testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY by indicating on

4  the record at the time the testimony is given or by sending written notice that the

5  testimony is designated within thirty (30) days of receipt of the hard copy transcript

6  of the testimony.  All information disclosed during a deposition shall be deemed

7  ATTORNEYS' EYES ONLY until the time within which it may be designated as

8  CONFIDENTIAL or ATTORNEYS' EYES ONLY has passed.

9         5.     A Producing Party may designate Discovery Material as

10  CONFIDENTIAL if it comprises, includes or reflects non-public, confidential,

11  proprietary, and/or commercially sensitive information.  Examples of

12  CONFIDENTIAL material include but shall not be limited to:  (i) non-public

13  technical information; (ii) customer lists; (iii) non-public business and/or marketing

14  plans (iv) non-public financial and/or accounting information; or (v) other similar

15  material that is considered confidential and not publicly available.  Discovery

16  Material designated as CONFIDENTIAL may be disclosed only to the following:

17         (a)    Outside litigation counsel of record and supporting personnel

18  employed in the law firm(s) of outside litigation counsel of record, such as

19  attorneys, paralegals, clerks, secretaries, and clerical personnel;

20         (b)    Internal counsel, and paralegal or support personnel working

21  with those counsel, associated with a party who either have responsibility for

22  making decisions dealing directly with the litigation of this action or who are

23  assisting outside counsel in preparation for proceedings in this action;

24         (c)    Officers, directors or employees of a party, and paralegal or

25  support personnel working with those officers, directors or employees, who either

26  have responsibility for making decisions dealing directly with the litigation of this

27  action or who are assisting outside counsel in preparation for proceedings in this

28  action;

(d)     The Court, its personnel and stenographic reporters;

(e)     Independent legal translators retained to translate in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; independent court reporters and videographers retained to record and transcribe testimony given in connection with this action; independent copying, scanning, technical support and electronic document processing services retained by counsel in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial or otherwise in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; and non-technical jury or trial consulting services retained by counsel in connection with this action, and mock jurors, provided they agree to maintain the confidentiality of any Protected Information; and

(f)     Experts or consultants of the parties (and their secretarial and clerical personnel) retained to assist counsel in this case who have signed the form attached hereto as Exhibit A.  The Receiving Party's counsel shall ask such expert(s) or consultant(s),  prior to retaining him/her, whether the potential expert is currently retained or employed by Producing Party or whether such expert has ever been retained or employed by Producing Party.   If the potential expert is currently retained or has been retained in the past as an expert, consultant or contractor or formerly employed in any capacity by Producing Party,  Receiving Party's counsel shall comply with paragraph 7(b)(ii) of this Protective Order.

6.     A Producing Party may designate Discovery Materials at the time of disclosure as ATTORNEYS' EYES ONLY if, notwithstanding any overlap with the materials identified in Paragraph 5, the Producing Party reasonably believes the materials to be extremely confidential and/or sensitive in nature and reasonably believes that their disclosure is likely to cause economic harm to the Producing Party.  The Parties agree that the ATTORNEYS' EYES ONLY designation includes

but shall not be limited to the following categories of information:  (i) non-public damages-related and financial information, including confidential pricing, profit, sales, or other financial information; (ii) confidential business, marketing, or strategic plans, including business, marketing, and technical information regarding future products; or (iii) highly confidential and commercially sensitive trade secrets or technical information.  Discovery Material designated as ATTORNEYS' EYES ONLY may be disclosed only to the following:

      (a)    Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, clerks, secretaries, and clerical personnel;

      (b)    The Court, its personnel and stenographic reporters;

      (c)    Independent legal translators retained to translate in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; independent court reporters and videographers retained to record and transcribe testimony given in connection with this action; independent copying, scanning, technical support and electronic document processing services retained by counsel in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial or otherwise in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; and non-technical jury or trial consulting services retained by counsel in connection with this action, and mock jurors, provided they agree to maintain the confidentiality of any Protected Information; and

      (d)    Experts or consultants of the parties (and their secretarial and clerical personnel) retained to assist counsel in this case who have signed the form attached hereto as Exhibit A.

## II

## LIMITATIONS ON THE USE OF PROTECTED DISCOVERY MATERIAL

7.     With the exception of Court personnel, all persons who have agreed to be bound by this Protective Order and who receive CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material are prohibited from disclosing it to any other person, except in conformance with this Protective Order.  Each individual who receives any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

(a)     Counsel who makes CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material available to persons set forth in Paragraphs 5, 6 and/or 7 above, shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order.  All copies of such Discovery Material disclosed shall be subject to the same restrictions imposed herein on original materials.  Any person having access to such Discovery Material whose participation in this litigation has been terminated or otherwise concluded shall return or destroy all such Discovery Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

(b)     Before disclosure of any Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to a person described in Paragraphs 5(f) and/or 6(d) above of this Protective Order, counsel for the Receiving Party shall take the following steps:

i.     provide a copy of this Protective Order to such person, who shall sign the acknowledgement form annexed hereto as Exhibit A; and

ii.     notify all counsel of record in writing, at least ten (10) business days before any such disclosure, of the intent to disclose CONFIDENTIAL

or ATTORNEYS' EYES ONLY Discovery Material to such person, if such person is currently retained or has been retained or employed by Producing Party at any time in the past as an employee, independent contractor, consultant, consulting expert or testifying expert, provide a copy of the acknowledgement form signed by the person, identify the person's title, job responsibilities and affiliation(s) with the Receiving Party and provide a copy of the person's most recent curriculum vitae;

      iii. in the event any party objects to the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material to such person, notify counsel for the Receiving Party in writing of the party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made. Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within five (5) business days, the party objecting to the disclosure may file a motion for a protective order in compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement. Pending a ruling by the Court upon such motion, the Discovery Material shall not be disclosed to the person objected to by the objecting party. If no motion for protective order is filed, the Receiving Party may make the disclosure.

    (c) Counsel disclosing any Discovery Materials to a person required to execute a copy of the acknowledgement form annexed as Exhibit A shall maintain the original(s) of such form(s).

    8. To the extent that any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material is used in any deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the such Discovery Material.

    9. A party that seeks confidential Discovery Material from a third party shall provide a copy of this Protective Order to the third party so that it may take

1   advantage of the protections afforded by this Protective Order.

2        10.    The recipients of CONFIDENTIAL or ATTORNEYS' EYES ONLY

3   Discovery Material provided under this Protective Order, and all material that

4   derives therefrom shall maintain such materials in a safe and secure area, and all

5   reasonable precautions shall be taken with respect to the storage, custody, use and/or

6   dissemination of such materials.  Any CONFIDENTIAL or ATTORNEYS' EYES

7   ONLY Discovery Material that is copied, reproduced, summarized, or abstracted

8   shall be subject to the terms of this Protective Order.

9        11.    CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material

10   may be used or submitted to the Court in connection with any filing or proceeding in

11   this litigation, pursuant to the provisions of this Protective Order and the procedures

12   and restrictions set forth in Local Rule 79-5 for filing materials under seal.

13        12.    None of the provisions of this Protective Order shall apply to Discovery

14   Material, regardless of its designation, that falls into any of the following categories

15   of information, documents, and/or things:

16        (a)    available to the public at the time of its production hereunder or

17   constituting a public record subject to mandatory disclosure under the Freedom of

18   Information Act, California Public Records Act, or other applicable law;

19        (b)    available to the public after the time of its production through no

20   unauthorized act, failure to act, or violation of this Order by the Receiving Party, its

21   counsel, representatives or experts;

22        (c)    known to the Receiving Party or shown to have been

23   independently developed by the Receiving Party prior to its production herein

24   through no improper means or without use or benefit of the information;

25        (d)    obtained outside of this action by the Receiving Party from the

26   Producing Party without having been designated as CONFIDENTIAL or

27   ATTORNEYS' EYES ONLY, provided, however, that this provision does not

28   negate any pre-existing obligation of confidentiality;

(e)     obtained by the Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same; or

(f)     previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

13.     Upon giving written notice, any party may apply to remove the restrictions set forth herein on Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, based upon a showing that such Discovery Material falls into one of the categories specified in Paragraph 12 above.

### III

### NO WAIVER OF PRIVILEGE

14.     Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing within 30 days of discovery of the inadvertent production.  If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the producing party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database.

No use shall be made of such Inadvertently Produced Documents during depositions, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.  The provisions of the Protective Order do not apply to the use of documents at trial or other hearings.

The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert as a

1    ground therefore the fact or circumstances of the inadvertent production.

2    **IV**

3    **MISCELLANEOUS PROVISIONS**

4    15.    The inadvertent failure by a Producing Party to designate Discovery

5    Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not waive any

6    such designation provided that the Producing Party notifies all Receiving Parties

7    that such Discovery Material is CONFIDENTIAL or ATTORNEYS' EYES ONLY

8    within fifteen (15) days from when the failure to designate first becomes known to

9    the Producing Party. A Receiving Party shall not be in breach of this Order for any

10    use of such Discovery Material before the Receiving Party receives notice of the

11    inadvertent failure to designate. Once a Receiving Party has received notice of the

12    inadvertent failure to designate pursuant to this provision, the Receiving Party shall

13    treat such Discovery Material at the appropriately designated level pursuant to the

14    terms of this Protective Order. If, before the Producing Party notifies a Receiving

15    Party of such designation of already-produced Discovery Material, the Receiving

16    Party discloses such Discovery Material in a manner or to any person or entity,

17    inconsistent with the subsequent designation, that Receiving Party shall notify the

18    Producing Party within ten (10) days of receiving such notice.

19    16.    In the event of a disclosure of any Discovery Material designated

20    pursuant to this Protective Order as CONFIDENTIAL or ATTORNEYS' EYES

21    ONLY to a person or persons not authorized to receive such disclosure under this

22    Protective Order, the party responsible for having made such disclosure (Disclosing

23    Party), and each party with knowledge thereof, shall immediately notify counsel for

24    the party whose Discovery Material has been disclosed and provide to such counsel

25    all known relevant information concerning the nature and circumstances of the

26    disclosure. The Disclosing Party shall also promptly take all reasonable measures to

27    retrieve the improperly disclosed Discovery Material and to ensure that no further or

28    greater unauthorized disclosure and/or use thereof is made.

17.     Not later than ninety (90) days after the final disposition of this litigation, (including after appeals, if any), each party shall return all CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material of a Producing Party to the respective outside counsel of the Producing Party, or in alternative, destroy such Discovery Material.  All parties that have received any such Discovery Material shall certify in writing that all such CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material has been returned or destroyed. Notwithstanding the provisions for return or destruction of Discovery Material, outside counsel may retain pleadings, expert reports, depositions, deposition exhibits, trial exhibits, motions and attachments to motions, and attorney and consultant work product for archival purposes.

18.     Any Discovery Material produced prior to entry of this Protective Order shall be retroactively designated by notice in writing of the designated class of each Discovery Material by Bates number within sixty (60) days of entry of this Order.  Furthermore, a Receiving Party may at any time request that the Producing Party cancel or modify the designation with respect to any Discovery Material.  A party shall not be obligated to challenge the propriety of any designation of Discovery Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the documents or information that the Receiving Party contends should be differently designated and the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a)     The objecting party shall have the burden of conferring in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The designating party shall have the burden of justifying the disputed designation.

1        (b)    Failing agreement, the objecting party may bring a motion to the

2   Court for a ruling that the Discovery Material in question is not entitled to the status

3   and protection of the Producing Party's designation in compliance with Local Rules

4   37-1 and 37-2, including the Joint Stipulation requirement.

5        (c)    Notwithstanding any challenge to a designation, the Discovery

6   Material in question designated CONFIDENTIAL or ATTORNEYS' EYES ONLY

7   shall continue to be treated as such under this Protective Order until one of the

8   following occurs:  (i) the party who designated the Discovery Material in question

9   as CONFIDENTIAL or ATTORNEYS' EYES ONLY withdraws such designation

10   in writing; or (ii) the Court rules that the Discovery Material in question is not

11   entitled to the designation.

12       19.    This Protective Order is entered without prejudice to the right of any

13   party to seek further or additional protection of any Discovery Material or to modify

14   this Protective Order in any way.  Nothing in this Protective Order shall be deemed

15   to bar any Producing Party from seeking such additional protection, including,

16   without limitation, an order that certain matter not be produced at all.  No

17   amendment or modification agreed to by the parties will have the force oreffect of a

18   Court order unless the Court approves the modification.

19       20.    If, at any time, Discovery Material becomes subject to a subpoena by

20   any court or arbitral, administrative, or legislative body, the person to whom the

21   subpoena or other request is directed shall immediately give written notice thereof to

22   every party who has produced such Discovery Material and to its counsel and shall

23   provide each such party with an opportunity to object to the production of

24   confidential materials.  If a Producing Party does not move for a protective order

25   within ten (10) business days of the date written notice is given or such shorter time

26   as a court may order, the party to whom the referenced subpoena is directed may

27   produce such Discovery Material in response thereto.  Nothing in this Protective

28   Order should be construed to excuse any party from obeying a lawfully issued

1   subpoena or process.

2       21.    Nothing in this Protective Order shall preclude any party to this lawsuit

3   or any attorneys for any party to this lawsuit from (a) showing Discovery Material

4   designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to any individual

5   who either prepared the Discovery Material or reviewed it prior to the filing of this

6   action; or (b) disclosing or using, in any manner or for any purpose, its own

7   Discovery Material, whether designated as CONFIDENTIAL or ATTORNEYS'

8   EYES ONLY.  Notwithstanding any designation of Discovery Material by a

9   Producing Party under this Order, any witness may be shown at a deposition and

10  examined on any Discovery Material produced by the witness' current employer (or

11  an affiliated company) or that the witness authored or previously received.  All other

12  witnesses may be shown at deposition and examined upon CONFIDENTIAL or

13  ATTORNEYS' EYES ONLY Discovery Material only if the witness agrees to be

14  bound by the terms of this Protective Order.  Notwithstanding the foregoing, current

15  employees of Defendant Xerox State & Local Solutions, Inc., and its affiliates, may

16  be shown and examined on CONFIDENTIAL or ATTORNEYS' EYES ONLY

17  material of Defendant the City of Los Angeles, and its departments, and current

18  employees of Defendant the City of Los Angeles, and its departments, may be

19  shown and examined on CONFIDENTIAL and ATTORNEYS' EYES ONLY

20  material of Defendant Xerox State & Local Solutions, Inc., and its affiliates.  The

21  Parties agree to designate as Confidential or Attorney's Eyes Only those pages of

22  the deposition transcript that contain testimony of the witness regarding the

23  Confidential or Attorney's Eyes Only Discovery Material that is shown to the

24  witness.

25      22.    The parties agree that the terms of this Protective Order shall survive

26  and remain in effect after the termination of the above-captioned matter.  The Court

27  shall retain jurisdiction after termination of this matter to hear and resolve any

28  disputes arising out of this Protective Order.

23.     This Protective Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control to the full extent the law allows.

24.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged, otherwise non-discoverable, or not admissible in evidence in this action or any other proceeding.

25.     Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

**IT IS SO ORDERED.**

Dated: August 26        , 2013

_____
The Honorable Michael R. Wilner
United States Magistrate Judge

**EXHIBIT "A"**

**Agreement Concerning Material Covered by Protective Order**

I, the undersigned, acknowledge that I have read and understand the terms of the Stipulated Protective Order (the "ORDER") entered by the United States District Court, Central District of California, in the action, *Jeff Galfer v. City of Los Angeles,* Case No. CV 13-00664-SJO (MRWx).  I agree to comply with the terms of the ORDER.  I further agree that I will not disclose documents or information designated "Confidential" or "Attorneys' Eyes Only" except as specifically permitted by the terms of the ORDER, and that I will use the documents or information solely for purposes of this litigation in accordance with the ORDER. I further agree that at the end of my engagement, I will destroy or return to counsel copies of all documents provided to me which have been designated "Confidential" or "Attorneys' Eyes Only."

Date: _____

_____
Signature

_____
Printed Name