AHDOOT & WOLFSON, P.C.
ROBERT AHDOOT, (Bar No. 172098)
rahdoot@ahdootwolfson.com
THEODORE MAYA, (Bar No. 223242)
tmaya@ahdootwolfson.com
1016 Palm Ave
Los Angeles, California 90069
(310) 474-9111 Telephone
(310) 474-8585 Facsimile

RIDOUT LYON + OTTOSON, LLP
CHRISTOPHER P. RIDOUT, (Bar No. 143931)
c.ridout@rlollp.com
CALEB LH MARKER, (Bar No. 269721)
c.marker@rlollp.com
555 E. Ocean Blvd., Suite 500
Long Beach, CA  90802
(562) 216-7380 Telephone
(562) 216-7385 Facsimile

(Additional Counsel Listed Below)

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZA YOUSSEFYEH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF LOS ANGELES; THE CITY OF LOS ANGELES DEPARTMENT OF TRANSPORTATION, XEROX STATE & LOCAL SOLUTIONS, INC., a New York Corporation,<br><br>Defendants. | CASE NO:   CV 14-00883-SJO(MRWx)<br><br>[Consolidated under Master Case No. CV 13-00664 SJO]<br><br>**FIRST AMENDED COMPLAINT**<br><br>(i)   Violation of Due Process Rights and Cal. Gov't Code §815.6;<br><br>(ii)   Violation of Bane Act – Cal. Civ. Code § 52.1;<br><br>(iii)   Violation of California Business & Professions Code § 17200 *et seq.*<br><br>[CLASS ACTION] |

Plaintiff Liza Youssefyeh (hereinafter "Plaintiff") brings this action, by and through her undersigned counsel, on behalf of herself and all other persons similarly situated in the class defined below, based upon information and belief and the investigation of counsel, except for information based upon personal knowledge, and hereby allege as follows:

## I. NATURE OF THE ACTION

1.      Plaintiff brings this class action to remedy misconduct in the processing, review and collection of parking citations issued by the City of Los Angeles, which deprives millions of motorists of rights guaranteed to them by state law.

2.      Through this action Plaintiff seeks damages, equitable and injunctive relief, as well as to compel Defendants The City of Los Angeles ("City") and the City of Los Angeles Department of Transportation ("DOT") (collectively, the "City Defendants") and Xerox State & Local Solutions, Inc., formerly known as ACS State & Local Solutions, Inc. ("Xerox") (collectively referred to herein as "Defendants") to comply with certain California Vehicle Code procedures related to parking citations. Specifically, Defendants have failed and will continue to fail to provide a legally sufficient initial review and subsequent explanation to parking violators who attempt to exercise their legal rights challenge the citations issued to them, in violation of Cal. Vehicle Code § 40215 ("Section 40215"), unless enjoined.

3.      Defendants have created a system in which many motorists' challenge of a parking citation, per Cal. Vehicle Code § 40215, is systematically denied and rubber-stamped as valid. This allows Defendants to create a false façade of compliance with Cal. Vehicle Code § 40215, while avoiding the costly burden of actually engaging in any meaningful review. Defendants, in violation of Cal. Vehicle Code § 40215, do not conduct any meaningful review until after a motorist appeals the initial review, pays the ticketed fine as a bond, and seeks an administrative review.

4.      Additionally, this class action challenges Defendant Xerox's unlawful and unfair business practices of denying Plaintiff and Class members with their statutorily conferred rights to an initial review and subsequent explanation, in violation of Cal. Vehicle Code § 40215.

## II. JURISDICTION AND VENUE

5.      Venue is appropriate in this Court because substantially all, if not all, of the events at issue in this Complaint occurred in Los Angeles County, and because the Defendants reside in Los Angeles County.

## III. THE PARTIES

6.      Plaintiff Liza Youssefyeh is an adult individual who resides in the State of California, County of Los Angeles.

7.      As described herein, Plaintiff has a sufficient beneficial interest to obtain judicial review of the Defendants' practices, procedures, and actions by mandate. Plaintiff has standing to assert all claims set forth herein.  Plaintiff satisfied all prerequisites and exhausted all administrative and/or other remedies before commencing this action.

8.      The City of Los Angeles is a California charter city and the agency that issued the parking citations at issue herein. It is the "issuing agency" as that term is used in Cal. Vehicle Code §§ 40202-40230.

9.      The City of Los Angeles' legal affairs are represented by City Attorney Mike Feuer, located at 200 North Main Street, 8th Floor, Los Angeles, California 90012.

10.     The City of Los Angeles Department of Transportation was formed by city ordinance on February 25, 1979 and consolidated most transportation-related functions into a single department within the City.  DOT is the agency that issued the parking citations at issue herein. It is the "issuing agency" as that term is used in Cal. Vehicle Code §§ 40202-40230.

11.     DOT is led by General Manager Jaime de la Vega and is headquartered at 100 S. Main Street, 10th Floor, Los Angeles, California 90012.

12.     Xerox State & Local Solutions, Inc. is a New York corporation, registered to do business in the State of California that has contracted with the City to process parking tickets for the City. It is the "processing agency" as that term is used in Cal. Vehicle Code §§ 40202-40230.

13.     Xerox's principal place of business is located at 2828 North Haskell Avenue, Building 1, Floor 9, in Dallas, Texas 75204.   Xerox's resident agent in California is the Corporation Service Company, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

14.     At all relevant times during the class period, the City has contracted with Xerox to provide a Parking Management Support System for the City and to operate the Parking Violations Bureau.

## IV. FACTUAL ALLEGATIONS

**A.     The City of Los Angeles Parking Management Structure and Statistics**

15.     The City of Los Angeles' Department of Transportation handles the city parking regulations and the parking citation process.

16.     The City uses DOT's uniformed Traffic Officers to enforce the regulations found in the Los Angeles City Municipal Code and California Vehicle Code.

17.     DOT Officers are empowered to enforce parking regulations set by the Los Angeles City Municipal Code and California Vehicle Code by issuing citations for non-compliance. The City issued a combined 5.7 million parking citations during the fiscal years of 2009 and 2010.[1] Upon information and belief, a similar amount of citations (if not more) were issued in 2011, 2012 and is expected to be issued in 2013 and subsequent years.

---

[1] City of Los Angeles Office of the Controller, *Audit of the City's Parking Citation Process at the Department of Transportation,* May 19, 2011.

18.     The issuing of parking citations is very profitable for the City. Total citation collections for 2009 and 2010 were $167 million and $ 168 million, respectively.[2]

19.     On July 3, 2012, the Los Angeles City Council approved an increase to the fines associated with parking tickets by $5.00, which is projected to increase city revenues by $8.4 million per year.    In responding to the increased ticket fines, Councilwoman Jan Perry stated "[w]e need more revenue."[3]

20.     Since 2007, the number of parking citations issued by the City has nearly doubled despite the City's population holding steady.

21.     In 2005, a parking citation for parking in a fire lane was $35.00.  Since the last increase, the cost of the same citation has increased to $93.00.

22.     As such, the City's parking enforcement and citation system has continually been skewed in design from a regulatory device as a means to raise additional revenue for the City.

23.     Upon information and belief, the City's parking enforcement operated a "Gold Card Desk" that systematically allowed city officials to seek preferential review of parking citations for favored constituents.[4]

24.     A *Los Angeles Times* article published May 8, 2012, notes that "[t]he mayor and City Council have turned time and again to parking infractions to help balance the city's budget, which this year faces a $238-million shortfall… a proposed $10 increase to an array of parking fines would make a small but important dent in the deficit."[5]

---

[2] *Id.* at 12.

[3] Available online at <http://latimesblogs.latimes.com/lanow/2012/07/la-city-council-boosts-the-price-of-parking-tickets-zoo-fees.html> (last visited January 18, 2013).

[4] Available online at <http://losangeles.cbslocal.com/2011/05/20/villaraigosa-cancels-parking-ticket-gold-card-orders-ladot-probe>.

[5]     Available online at <http://www.latimes.com/news/local/la-me-mayor-ticket-hikes-20120508,0,334673.story>  (last visited January 18, 2013).

FIRST AMENDED COMPLAINT

5

25.   The same article notes that "parking fines make up only 3% of the city's revenue base" and that the "Department of Transportation, which issues the tickets, needs to reach its financial targets 'so that vital city services can be preserved.'"

26.   Once parking citations are issued by DOT Traffic Officers, the Parking Violations Bureau ("PVB") handles collection and management.

27.   On March 9, 2006, the City executed a five-year contract with Xerox to provide a Parking Management Support System and to operate the PVB. Xerox receives compensation based on the number of citations processed monthly. A breakdown of Xerox's compensation is found in the contract between Xerox and the City (the "Contract"). The Contract breakdowns compensation as follows:

[Xerox] shall be compensated by the CITY as follows:

| Cost/Citation | Number of Monthly Citations |
|---|---|
| $2.78 | 0-200,000 |
| $2.03 | 200,001 – 250,000 |
| $2.03 | 250,001 – 300,000 |
| $1.49 | 300,000 – and more. |

Xerox Contract No. C-109574, at 5.

28.   Upon information and belief, the contract between the City and Xerox has been renewed and remains in force through the present on similar terms.

29.   Given that the City issued 5.7 million parking citations over a 24-month period in 2009-10, Plaintiff estimates that the City has consistently issued approximately 237,500 parking citations per month.

30.   At that rate, Xerox would be paid at least $2.03 per parking citation, or more than $15.1 million for the 5.7 million parking citations issued during 2009 and 2010 (approximately $631,110.00 per month for 237,000 citations).

31.     In addition, Xerox is reimbursed for all actual expenses, including postage that it incurs in management and operation of the Parking Management Support System and PVB.

32.     Xerox received a combined total of $35 million in the fiscal years of 2009 and 2010 for the services it provided the City. The contract with Xerox is currently on a month-to-month basis.

33.     As such, Plaintiff estimates that the City reimbursed Xerox for expenses and special services totaling approximately $23.43 million during 2009 and 2010.

34.     Plaintiff believes that the $15.1 million paid by the City on the per-citation formulaic basis described above represents Xerox's profit for managing and operating the Parking Management Support System and PVB.

35.     In operating the PVB, Xerox is responsible for the overall administration of parking citations and the collection operations including customer service, reconciliation and compliance, performance monitoring, training, special collections, lockbox processing, data entry, citation information and management, cashiering operations, and administrative reviews. The PVB operates four Customer Service Centers where citizens can make payments, purchase parking permits, and contest citations. Xerox receives and processes both handwritten and handheld parking citations by entering the citations in the Parking Management Support System ("PMSS"), managing critical citation data, and matching citations to violation codes and penalty tables. It also manages inquiries, complaints, payments and revenue distribution, Department of Motor Vehicle ("DMV") lookups for registered owner information, and sends notices and correspondence to registered owners.

**B.    The Rights Conferred and Duties Imposed by California Vehicle Code §
40215.**

36.     A person who receives a parking citation in California has the right to challenge the citation through three levels. Cal. Vehicle Code §§40215, 40230.

37.     At the first level, and the level at issue here, the alleged violator may seek an initial review by the agency that issued the citation.

38.     Cal. Vehicle Code §40215(a) provides:

> For a period of 21 calendar days from the issuance of a notice of parking violation or 14 calendar days from the mailing of a notice of delinquent parking violation,… a person may request an initial review of the notice by the issuing agency.

Cal. Vehicle Code §40215(a).

39.     The request for an initial review may be made by telephone, in writing, online, or in person, and there is no charge to the challenging party for the review.

40.     Therefore, upon being issued a parking citation, an alleged violator is given a statutory right to request an initial review of that citation.

41.     The statutorily conferred benefit or interest given to an alleged violator allows them to request an initial review of the citation for a period of 21 calendar days from the issuance of the citation or 14 calendar days from the mailing of the citation.

42.     Upon information and belief, approximately 150,000 individuals request that an initial review of their citations be performed by the City Defendants each year.

43.     After an alleged violator (registered owner) submits a request for an initial review, in compliance with Cal. Vehicle Code §40215(a), the plain language of the statute imposes a mandatory duty upon the issuing agency (the City) to engage in an initial review.

44.     Cal. Vehicle Code §40215(a) further provides:

> If, following the initial review, the issuing agency is satisfied that the violation did not occur, that the registered owner was not responsible for the violation, or that extenuating circumstances make dismissal of the citation appropriate in the interest of justice, the issuing agency shall cancel the notice of parking violation or notice of delinquent parking violation. The issuing agency shall advise the processing agency, if any, of the cancellation. **The issuing agency or the processing agency shall mail the results of the initial review to the person contesting the notice**, and, if following that review, cancellation of the notice does not occur, include **a reason for that denial**…

Cal. Vehicle Code §40215(a) (emphasis added).

45.    Thus, if following the initial review, the City is satisfied that the violation did not occur, that the registered owner was not responsible for the violation, or that extenuating circumstances make dismissal of the citation appropriate in the interest of justice, the City will cancel the notice of parking violation or notice of delinquent parking violation. The issuing agency (the City) must then advise the processing agency (Xerox) of the cancellation.

46.    After an initial review is performed, the City and/or Xerox must mail the results of the initial review to the person contesting the notice, and, if the citation is not going to be cancelled, the City and/or Xerox must include a specific reason for that denial, and a notification of their ability to request an administrative hearing.

47.    The right to receive the results of an initial review, and the reason upon non-cancellation, are statutorily conferred benefits of contesting persons. Failure to provide this violates the contesting person's procedural due process.

48.    California Vehicle Code §40215(a) not only imposes a mandatory 'duty upon the City to provide a contesting party, upon request, an initial review, but also, the City and/or Xerox has a mandatory duty to mail the results of an initial review to the contesting party, and if the parking violation is deemed valid, the city antler Xerox must include the reasons for its decision.

49.    Therefore, California Vehicle Code §40215(a) confers two benefits upon contesting alleged parking violators: (i) the statutorily conferred benefit to request an initial review of a parking violation, including the subsequent statutorily conferred benefit to have an initial review performed, as well as (ii) the statutorily conferred benefit to receive the results of the initial review, and, should the City and/or Xerox decide not to cancel the citation, the right to be given adequate reasoning for such a decision.

50.   California Vehicle Code §40215(a) was enacted to provide motorist with due process rights, by providing challenging motorist with adequate safeguards before depriving them of a protected property interest.

51.   The statutory benefits provide alleged violators with adequate notice and are opportunity to be heard before the City deprives them of a protected property interest — their money and/or personal property.

52.   It is evident that mistakes will be made in the issuance of parking-citations, and Cal. Vehicle Code §40215(a) was enacted to provide alleged violators with an avenue to challenge parking citations they believe have been wrongly issued.

53.   In essence, Cal. Vehicle Code §40215(a) was enacted to provide alleged violators with notice and an opportunity to be heard before being deprived of their personal property — a protected property interest.

54.   Despite these rights and duties, upon information and belief, when properly requested pursuant to Cal. Vehicle Code "§.40215(a) by an alleged violator, Defendants systematically refuse to engage in an initial review of a parking citation, in violation of the mandatory duty imposed upon them by said statute.

55.   Upon information and belief, Defendants have intentionally created a system in which challenging requests are systematically denied at the initial review level. In order to save already scarce funds, Defendants automatically send one of fifty-four form letters stating that a review has been performed and the citation was deemed valid, regardless of whether an initial review was actually conducted by Defendants or not.

56.   Upon information and belief, Plaintiff believes that Defendants dismiss approximately two to three percent of parking citations at the initial review level, the bulk of which are attributable to untimely DOT investigations and/or the DOT "Gold Desk" dismissals.

57.    Upon information and belief, Plaintiff believes that Defendants' issuance of automatic form letters upholding the citations is Defendants' attempt to bypass the initial review requirement of Cal. Vehicle Code §40215(a) and require motorists to pay the citation fine amount as a bond and request an administrative review (the second level of review) to seek any real review of the parking citation.

58.    In addition to posting the citation amount as a bond, requesting and receiving an administrative review involves substantial costs and burdens to the ticketed individual such as the cost of taking a half or full day off of work (administrative reviews are conducted in-person), travelling to one of only a handful of DOT locations, and paying to park at the DOT location.

59.    As such, the cost of obtaining an administrative review often exceeds the cost the parking citation and there is no fee or cost shifting provisions to make individuals whole if their attempted challenge is valid.

60.    Upon information and belief, a significant number of individuals who request and are denied at the initial review level do not seek an administrative review due to the additional costs and barriers involved.

61.    By eliminating, the initial review requirement of the Vehicle Code, Defendants effectively shift the burden to motorists by requiring that they pay the bond amount before seeking review and causing motorists to believe that a meaningful, good faith review of the ticket has been performed.

62.    As a result, Defendants substantially reduce the number of motorists for whom a legitimate review is conducted and increases collections of parking citations, regardless of whether the citations are valid or not.

63.    By failing to engage in an initial review, Defendants are denying alleged violators their statutorily conferred right to be heard and their due process rights.

---

FIRST AMENDED COMPLAINT

11

64.     Additionally, upon information and belief, when properly requested pursuant to Cal. Vehicle Code §40215(a), Defendants fail to provide alleged violators with the results of an initial review, and further fail to provide adequate reasoning when Defendants decide not to cancel the challenged citation, contrary to the requirements of Cal. Vehicle Code §40215(a).

65.     In light of Defendants' above-described conduct and violations in failing to conduct actual initial reviews, the Court should presume all challenges by Plaintiff and the Class when seeking initial reviews pursuant to Cal. Vehicle Code §40215(a) to be valid; deem Defendants to have waived any right they had to provide actual reasons for any denial; cancel all notices of parking violations; and, order that refunds and restitution of any fines paid be made to Plaintiff and the Class.

**C.     Liza Youssefyeh's Factual Scenario**

66.     On October 4, 2012, Plaintiff Liza Youssefyeh parked a car registered in her name within the City's boundaries. Specifically, Plaintiff parked her car at a street parking space located at 11710 Gorham Avenue – where a regulatory sign restricted parking restricted parking during certain hours due to street sweeping.

67.     Subsequently, Plaintiff received a parking citation, #2129264432, for violating 80.69(b) of the Los Angeles Municipal Code (prohibited parking).

68.     Los Angeles Municipal Code Section 80.69(b) provides, in relevant parts, as follows:

> Whenever authorized signs are in place giving notice that parking, as defined in Section 463 of the California Vehicle Code, is prohibited at any time or during certain hours, it shall be unlawful for any person to park any vehicle during such prohibited times, except as provided in Section 88.01.0 of this chapter.

69.     Plaintiff timely and properly requested a review by the issuing agency – the City - wherein Plaintiff stated that she was forced to stop in the restricted area due to mechanical problems she was experiencing with her vehicle. In addition to her

statement, Plaintiff provided mechanical records and receipts for her tow, confirming the mechanical issues and all relevant dates and times.

70.    Despite this, thereafter, Plaintiff received a form-letter from the City.

71.    The form letter was prepared and mailed on behalf of the City by Xerox. The letter advised Plaintiff that an initial review had been performed and that her citation was not going to be cancelled.

72.    Upon information and belief, nearly every individual requesting an initial review receives one of the fifty-four valid ticket form letters customized for various parking offenses, with the content of each identical among the recipients, save for their contact information and citation number.

73.    A form letter cannot give an adequate explanation, as a one size fits all letter cannot provide the type of "reason" challenging motorists have a right to receive under Cal. Vehicle Code §40215(a).

74.    Upon information and belief, the Defendants never performed an initial review of Plaintiff's citation as is mandatorily required by Section 40125(a). Plaintiff's request for an initial review was subjected to Defendants system in which challenges are systematically denied at the initial review level.  Additionally, the letter provided by Defendants did not and could not provide a sufficient explanation or reason for the denial, as mandatorily required by Section 40125(a).

75.    Such conduct on the part of Defendants constitutes a breach of a mandatory duty imposed upon Defendants by Cal. Vehicle Code §40215(a).

76.    Further, Defendants actions deny Plaintiff's statutorily conferred benefits, and thus deny Plaintiff and other Class members their statutory right to be heard and given adequate notice.   Defendants' actions violate Plaintiffs' (and other class members') due process rights.

77.    Subsequently, Plaintiff timely sought an administrative hearing and paid the applicable bond as required by the Vehicle Code.

78.     On January 1, 2013, Plaintiff appeared at an in-person Administrative Hearing to contest her citation.

79.     During the hearing, Plaintiff presented similar evidence offered during her initial review – testimony that she was experiencing mechanical difficulty along with receipts for the repairs and tow.

80.     As a result of the hearing, on January 30, 2013, the City issued a Parking Adjudication Division Hearing Examiner Report/Notice of Decision (the "Decision"). The Decision stated that "[Plaintiff] has provided credible testimony, evidence and documentation that an unexpected mechanical problem, which affected [Plaintiff's] vehicle, was the underlying reason for the violation. The circumstances warrant extending a courtesy dismissal of the citation in the interest of justice. [Plaintiff] is therefore Not Liable for the citation.

81.     As a result of having to dispute her parking citation at the administrative hearing level, Plaintiff incurred additional damages, including, but not limited to, lost wages, paid parking costs, and interest accrued on the bond payment.

82.     As a result of Defendants' actions in not performing an initial review, as required by the Vehicle Code, Plaintiff experienced economic injuries, including the paying of confiscatory fines and excessive costs expended to obtain the Vehicle Code's mandated review (i.e., appearing in person for an administrative review, paying the citation fee as a bond, transportation and parking costs, and taking time away from other gainful opportunities).

**D.     Defendants Routinely Breach Mandatory Duties Imposed by Cal. Vehicle Code §40215(a) In Order To Maximize Revenue and Reduce Costs.**

83.     Upon information and belief, Defendants routinely breach the mandatory duties imposed by Cal, Vehicle Code.§40215(a) in an effort to maximize revenue and reduce costs.

84.     In an effort to Maximize revenue and reduce costs, Defendants' practice has been and continues to be forgoing any initial review, opting to simply provide a challenging individual with a form letter, which fails to adequately provide him/her with an explanation or reason as required by §40215(a).

85.     The form letter is a quicker and cheaper resolution to the initial review requirement provided by Cal. Vehicle Code §40215(a) than conducting a legitimate review, as required.

86.     The City issues several million parking citations per year.[6]  As noted above, it contracts with Xerox to act as a processing agency to process the tickets. Under the contract, Xerox is required to, *inter alia:*

a.      Process the City's citation correspondence and payments;

b.      Provide computer data processing to manage the data pertaining to the citations;

c.      Handle financial deposits and reconciliations;

d.      Operate a customer service center; and

e.      Coordinate the administrative review process "consistent with the procedures for person contesting parking citations as set forth by the laws of the State of California."

87.     The City is ultimately responsible for all actions taken by contracting parties, which includes Xerox. Cal. Vehicle Code §40200.

88.     If a motorist disputes a parking citation and requests an initial review, Xerox forwards the complaint to the City for review. The City's own policy requires that an investigation be completed within 240 days, or the citation will be dismissed. In 2010, the City dismissed 4,429 of the challenged citations because of untimely investigation."

---

[6] *Id* at 2. City of Los Angeles traffic officers issued a total of approximately 5.7 million traffic citations during the fiscal year 2009 and 2010.

89.   Dismissing citations due to untimely review is costly to the City, as it losses considerable amounts of potential revenue. In a 2010 audit of the Los Angeles Department of Transportation, the Controller's Office for the City estimated that the City lost revenue totaling $126,000 due to untimely investigations.

90.   Upon information and belief, in order to expedite the review process of citations issued by the City. Defendants have...created a system to systematically deny challenges brought by motorists at the initial review level. Defendants routinely send challenging alleged violators a simple form letter, informing the alleged violator that an initial review has been performed and the citation deemed valid.

91.   This conduct ensures that a citation is not dismissed at the initial level of the citation contesting process within the 240-day policy limit. This conduct further prevents the City from engaging in a costly initial review, saving the City money at the expense of motorists' statutory rights.

92.   Despite any offered justification, Defendants' actions are contrary to statutory requirements enacted under Cal. Vehicle Code §40215(a), and constitute a breach of a mandatory duty.

93.   Defendants' actions denying Plaintiff and other challenging motorists of their statutory right to a hearing and adequate notice amounts to a deprivation of procedural rights.

94.   The statutory rights ignored by Defendants were put in place to afford challenging motorists with the right to a pre-deprivation hearing and notice.

95.   Denying these' statutory rights causes injury to challenging motorists despite the fact that they still have the right to an administrative hearing.

96.   Cal. Vehicle Code §40215(b) provides:

If the person is dissatisfied with the results of the initial review, the person may request an administrative hearing of the violation no later than 21 calendar days following the mailing of the results of the issuing agency's initial review… The person requesting an administrative hearing **shall deposit the amount of the parking**

**penalty with the processing agency**. The issuing agency shall adopt a written procedure to allow a person to request an administrative hearing without payment of the parking penalty upon satisfactory proof of an inability to pay the amount due.

Cal. Vehicle Code §40215(b) (emphasis added).

97.   It is not known at this time if similar issues exist at the administrative hearing level. However, even assuming they do not; challenging motorists are injured by Defendants conduct at the initial review level.

98.   Many challenging motorists are less likely to assert their statutory right under Cal. Vehicle Code §40215(b) if they believe the City and Xerox has conducted a good faith review of their citation and determined it to be valid. This is especially true when the parking citation charges an alleged violator with a relatively inconsequential amount compared to the additional costs and burdens of engaging in the further review.

99.   Therefore, upon information and belief, even in situations where a parking citation was improperly issued, Defendants' conduct has caused a challenging motorist to forgo the administrative hearing, opting instead to simply pay the citation which results in the same, albeit potentially temporary, out-of-pocket costs of seeking an administrative review.

100.   Upon information and belief, as a result of the above described situation, Defendants have collected millions of dollars from improperly issued parking citations. If Defendants are not engaging in an initial review, even improperly issued parking citations will proceed past the initial review stage. Challenging motorists who believe Defendants have engaged in an honest review of their parking citation may opt to simply pay the parking citation rather than continue with the additional burden and hassle of challenging the citation.

101.   Additionally, Cal. Vehicle Code §40215(b) requires that a challenging motorist deposit the amount of parking penalty with the processing agency –Xerox – before the administrative hearing. To try to avoid or delay this by showing the inability to pay, the challenging motorist must undertake additional burdens.

102.   In short, the requirements of Cal. Vehicle Code §40215(b), taken together with Defendants conduct of systematically denying challenging motorists with their rights under Cal. Vehicle Code §40215(a), deprive challenging motorists of their personal property (money) before being afforded their due process.

## V. CLASS ALLEGATIONS

103.   Plaintiff brings this action as a Class action on behalf of himself and all other persons similarly situated, against Defendants.

104.   This action is brought and may properly be maintained as a Class action against all Defendants pursuant to Code of Civil Procedure § 382 and other applicable rules of civil procedure. The community of interest in the litigation is well defined and the proposed Plaintiff Class is easily ascertainable.

105.   This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements with respect to this putative class.

106.   The Class is defined as follows:

> All persons and/or registered owners of vehicles, who from four years prior to the filing date of this Complaint until the final disposition of this case, (1) requested an initial review of their parking citations to a parking authority managed and/or operated by the Defendants, (2) in response were issued a letter validating the citation, (3) without LADOT responding to a Xerox-generated Complaint and Investigation and (4) subsequently paid the amount of the parking citation either as payment or a bond for an administrative review.

Excluded from the Class are: (a) any officers, directors, employees, executives, board members, and legal counsel of the Defendants; (b) any judge assigned to hear the case (or spouse or family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to hear this case; and (e) any attorney of record in this case.

107.   **Numerosity of the Class.** Members of the class are so numerous that their individual joinder herein is impracticable. The precise number of members of the class and their addresses are presently unknown to Plaintiff, but is believed to each exceed 60,000 people. The precise number of persons in the class and their identities and

addresses may be ascertained from Defendants' records. If deemed necessary by the Court, members of the class may be notified of the pendency of this action by mail and/or email.

108. **Ascertainable Class**. The proposed Class is ascertainable. The litigation of the questions of fact and law involved in this action will resolve the rights of all members of the Class and hence, will have binding effect on all class members. These Class Members can be readily identified from Defendants' electronic and paper business records, and thus can be determined by the Plaintiff, through minimally intrusive discovery.

109. **Common Questions of Fact and Law Exist and Predominate over Individual Issues.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. These common questions of law and fact exist as to all members of the class and predominate over the questions affecting only individual members of the class.   The common questions which predominate over individual issues include, but are not limited to; (a) whether Defendants' common operating procedures resulted in actual initial reviews under Cal. Vehicle Code §40215(a) being conducted; (b)  whether Defendants' common operating procedures of responding to class members' requests for initials reviews with form letter provided legitimate reasons for any denial; (c) whether Defendants employed a false initial review process to weed out and eliminate the number of reviews that actually needed to be conducted; (d) whether Defendants' conduct, described herein, violated class member's due process rights.

110. **Typicality.** The claims of Plaintiff are typical of the claims of the Class. Plaintiff and all Class members received parking citations from Defendants. Plaintiff and Class members requested an initial review of their parking citation as was their right under Cal. Vehicle Code §40215(a). Upon information and belief, Plaintiff and Class members were never afforded an initial review, and rather were given a form

letter that failed to provide adequate reasoning for the denial as required by Cal. Vehicle Code §40215(a). Plaintiff, like other class members, was subjected to Defendants' typical and ongoing false initial review process as a means to weed out and eliminate the number of reviews actually needed to be conducted, and generate revenue for the City.   The relief sought is common, unitary, and class-wide in nature.

111.   **Adequacy**. The named Plaintiff is an adequate representative of the Class on whose behalf this action is prosecuted. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff has retained competent counsel with experience in class action litigation and will protect the interests of the class in that there are no conflicts between his interests and the interests of other class members, this action is not collusive, the named Plaintiff and his counsel have the necessary resources to litigate this action, and counsel has the experience and ability required to prosecute this case as a class action.

112.   **Community of Interest**. The proposed Class has a well defined community of interest in the questions of fact and law to be litigated. The common questions of law and fact are predominant with respect to the liability issues, relief issues and anticipated affirmative defenses. The named Plaintiff has claims typical of the Class members.

113.   **Superiority of Class Adjudication.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly given that the harm or injury suffered by the individual class members is relatively small, making individual claims highly impracticable, overly expensive and inefficient. The class consists of individuals who sought an initial review, but opted against seeking an administrative review, in part, Plaintiff believes because of the amount of time and effort required to contest citations. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

114.   **Injunctive and Declaratory Relief**.   Defendants' wrongful actions as alleged herein are uniform as to all members of the Class.   Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive or declaratory relief is appropriate with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**Violation of Due Process Rights and Cal. Gov't Code §815.6**
**(Against All City Defendants)**

115.   Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth therein.

116.   The City is aware of Plaintiff and Class members' contentions, as the City has received written protests and oral presentations from Plaintiff and Class members.

117.   Plaintiff has exhausted all available administrative remedies.

118.   On April 8, 2013, Plaintiff filed a Notice of Claim with the Clerk of City.

119.   On April 15, 2013, the Clerk of the City acknowledged receipt of Plaintiff's Notice of Claim in writing and assigned Claim No. C13-3786.

120.   On April 17, 2013, the Los Angeles City Attorney rejected Plaintiff's claim in writing.

121.   Members of the Class have exhausted all of available administrative remedies, including raising common factual and legal issues in administrative proceedings, to the City.

122.   Moreover, the City is incapable of granting an adequate remedy through any administrative process on a class-wide basis, as the City's administrative processes only allow for the processing of individual citations.

123.   The City has refused and continues to refuse to comply with mandatory statutory obligations as set forth above.

124.   The City "continues to deliberately flout the law" in failing to adhere requirements and due process protections specified in the California Vehicle Code.

125.   The City's above-described conduct violates Plaintiff's and the Class' constitutional due process rights, guaranteed under Article 1, Section 7(a) of the California Constitution.

126.   The City's above-described deprived Plaintiff's and the Class' of their money and property, their right to full and free enjoyment of said property, without due process of law, guaranteed under the California Constitution.

127.   The City's above-described conduct violates Cal. Gov't Code §815.6, which provides:

815.6.   Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

128.   The City's actions have resulted, and will continue to result, in economic injuries to Plaintiff and Class Members, including confiscatory fines and excessive costs expended to obtain the Vehicle Code's mandated review (i.e., appearing in person for an administrative review, paying the citation fee as a bond, transportation and parking costs, and taking time away from other gainful opportunities).

129.   As a result of the foregoing, Plaintiff, on behalf of the Class petitions this Court to declare the City's conduct unlawful and unconstitutional and to grant all necessary and proper relief available in the circumstances; including refunds and appropriate restitution; monetary, injunctive and declaratory relief as deemed necessary and appropriate; reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Violation of Bane Act – Cal. Civ. Code § 52.1

130.   Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

131.   Defendants, acting in concert and by way of conspiracy, through threatening, intimidating, and coercive conduct attempted to interfere, did interfere

and continue to interfere with Plaintiff and Class members exercise and enjoyment of rights guaranteed by the California Constitutions and the laws of the State of California, including the right to due process, rights to fair and effective review of parking citations under Vehicle Code section 40200, *et seq*., and rights to property, the use and enjoyment thereof, and to move about.

132.   As a result of such conduct, Plaintiff and Class members reasonably believed that if they exercised their rights to review of their parking citations, that the Defendants would commit violence against Plaintiff and their property, including the imposition of fines, penalties and fees, impoundment of Plaintiff's vehicle, adverse credit reporting, DMV registration holds on Plaintiff's vehicle, and other adverse actions, thus interfering with Plaintiff's money, property and ability to move about.

133.   Defendants' conduct injured Plaintiff's property, including, but not limited to, the confiscatory fines and excessive costs expended to obtain the Vehicle Code's mandated review (i.e., appearing in person for an administrative review, paying the citation fee as a bond, transportation and parking costs, and taking time away from other gainful opportunities).

134.   Plaintiff has been harmed by Defendants' conduct by being forced to pay fines, fees and penalties in order to receive the review guaranteed to Plaintiff under the Vehicle Code.

135.   Class members have been harmed by Defendants' conduct by, among other ways, being forced to forgo review of their citations and pay fines, fees and penalties without such review, by having DMV registration holds placed on their vehicles, by having their vehicles booted and towed, and by having collection actions taken against them, including adverse credit reporting.

136.   The Defendants' conduct was a substantial factor in causing such harm.

### THIRD CAUSE OF ACTION
**Violation of California Business & Professions Code § 17200 *et seq.*
(Against Defendant Xerox)**

137.   Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

138.   Plaintiff brings this action individually and on behalf of the Class pursuant to § 17200 *et. seq.* of the Bus. & Prof. Code, the Unfair Competition Act ("UCL").

139.   Plaintiff brings this claim on behalf of the Class pursuant to Bus. & Prof. Code § 17204 which prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice."

140.   Plaintiff continues to park in City-owned and managed parking spaces, and as such, is at risk of receiving another parking citation from the City in the future.

141.   The acts and conduct of Defendant Xerox as alleged throughout this Complaint, and in each cause of action above, constitute unlawful, unfair, and / or fraudulent business practices, and thereby violates § 17200 *et. seq.* of the Bus. & Prof. Code.

142.   In addition, Defendant Xerox has committed unlawful, unfair, and / or fraudulent business acts and practices by systematically circumventing the protections and requirements of the California Vehicle Code by simply sending form letters with inadequate explanations to challenging alleged violators, in violation of a mandatory duty provided by Cal. Vehicle Code §40215(a).

143.   Defendant Xerox has a practice and pattern of breaching its mandatory duties under Cal. Vehicle Code §40215(a). Xerox sends challenging motorists' form letters with inadequate explanations, rather than sending initial review requests to the City. Such conduct is contrary to the requirements of Cal. Vehicle Code §40215(a). Upon information and belief, such violations of protected statutory rights constitutes violations of the unlawful, unfair, and / or fraudulent prongs of Section 17200 of the California Business & Professions Code.

144.   Defendants' conduct is unlawful in that it violates, *inter alia*, Cal. Vehicle Code §40215(a).  Defendants' conduct is unfair in that it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and Class members.  The harm to Plaintiff and Class members arising from Defendants' conduct outweighs any legitimate benefit Defendants derived from the conduct.  Defendants' conduct undermines and violates the stated spirit and policies underlying Cal. Vehicle Code §40215(a) as alleged herein.

145.   Defendants' actions and practices constitute "fraudulent" business practices in violation of the UCL because, among other things, they are likely to deceive reasonable consumers.   Plaintiff relied on Defendants' representations, omissions, and obligation to follow the law.

146.   As a direct and proximate result of Defendant's violations, Plaintiff suffered injury in fact, damages, and lost money.

147.   The unlawful, unfair, and / or fraudulent business practices, as described above, present a continuing threat to the public in that Xerox will continue to deny citizens their statutorily conferred benefits unless enjoined. Unless enjoined the risk of further injury to the Class in the future remains.

148.   Accordingly, Plaintiff and the Class are entitled to an injunction and other equitable relief, including restitution, and any other appropriate relief authorized by Section 17200 *et seq.* of the California Business & Professions Code. Plaintiff and the Class are also entitled to reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5 as, among other things,  this action will result in the enforcement of important rights affecting the public interest and confer significant benefits, whether pecuniary or nonpecuniary on the general public or a large class of persons.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Liza Youssefyeh, as an individual and on behalf of those similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

A.    For an order certifying the class and any appropriate subclasses thereof and appointing Plaintiff Liza Youssefyeh and her counsel to represent the Class in this litigation;

B.    For actual damages;

C.    For nominal damages;

D.    For restitution from Defendant Xerox as requested above;

E.    For payment of attorney's fees and costs, including those recoverable pursuant to California Code of Civil Procedure § 1021.5, and/or pursuant to the "common fund" doctrine and/or pursuant to equitable principles or contribution and/or other applicable method of awarding attorney's fees and costs in class actions;

F.    For any such further relief as may be permitted by law and/or that this Court deems equitable, just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff seeks a trial by jury for all appropriate issues on each and every cause of action in this Complaint that allows for it.

Respectfully submitted,

RIDOUT LYON + OTTOSON, LLP

Dated:  August 27, 2014  By:      /s/ Caleb Marker
                                 CALEB MARKER, (Bar No. 269721)
                                 c.marker@rlollp.com
                                 CHRISTOPHER P. RIDOUT, (Bar No. 143931)
                                 c.ridout@rlollp.com
                                 555 E. Ocean Blvd., Suite 500
                                 Long Beach, CA  90802
                                 (562) 216-7380 Telephone
                                 (562) 216-7385 Facsimile

                                 AHDOOT & WOLFSON, P.C.
                                 ROBERT AHDOOT (Bar No. 172098)
                                 rahdoot@ahdootwolfson.com
                                 THEODORE MAYA, (Bar No. 223242)
                                 tmaya@ahdootwolfson.com
                                 1016 Palm Ave
                                 Los Angeles, CA 90069
                                 (310) 474-9111 Telephone
                                 (310) 474-8585 Facsimile

                                 ZIMMERMAN REED, PLLP
                                 BRADLEY C. BUHROW (Bar No. 283791)
                                 E-mail: Brad.Buhrow@zimmreed.com
                                 14646 N. Kierland Blvd., Suite 145
                                 Scottsdale, AZ 85254
                                 (480) 348-6400 Telephone
                                 (480) 348-6415 Facsimile

                                 Attorneys for Plaintiff, LIZA YOUSSEFYEH