UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** CV 13-00664 SJO (MRWx)<br>CV 14-00883 SJO (MRWx)<br>CONSOLIDATED | **DATE:** November 14, 2014 |

**TITLE:** Jeff Galfer, et al. v. The City of Los Angeles, et al.
========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                   Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                        Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 166]

This matter comes before the Court on Plaintiff Liza Youssefyeh's ("Plaintiff") Motion to Remand Case to the Los Angeles Superior Court ("Motion"), filed on October 27, 2014. Defendant City of Los Angeles (the "City") filed an opposition to the Motion ("Opposition") on October 31, 2014. Defendant Xerox State and Local Solutions, Inc. ("Xerox") filed a statement of no position with respect to the Motion. (ECF No. 172.) Plaintiff filed a reply to the Opposition ("Reply") on November 10, 2014. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for November 24, 2014. *See* Fed. R. Civ. P. 78(b). For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On October 17, 2013, Plaintiff filed an action in the Superior Court for Los Angeles County against the City, DOT, and Xerox (the "State Action"). (*Youssefyeh*[1] Defs.' Notice of Removal ("Notice"), ECF No. 1, Ex. 1 ("State Action Compl.").) The action stems from the alleged "misconduct in the processing, review, and collection of parking citations issued by the City . . . which deprives millions of motorists of rights guaranteed to them by state law." (State Action Compl. ¶ 1.) Plaintiff, who received a parking citation, alleged the following causes of action: (1) violations of U.S. Const. Amend. XIV ("Fourteenth Amendment"), Cal. Const. Art. 1, § 7(a), and Cal. Gov't Code § 815.6 (State Action Compl. ¶¶ 116-130); (2) violation of 42 U.S.C. § 1983 ("Section 1983") (State Action Compl. ¶¶ 131-141); (3) violation of the Bane Act (Cal. Civ. Code § 52.1) (State Action Compl. ¶¶ 142-148); and (4) violation of Cal. Bus. & Profs. Code §§ 17200, *et seq.* (State Action Compl. ¶¶ 149-160.) On February 5, 2014, based solely on Plaintiff's Section 1983 claim,

---

[1] The citation "*Youssefyeh*" refers to docket for *Youssefyeh v. The City of Los Angeles,* et al., No. CV 14-00883 SJO (MRWx). All other citations refer to the instant action, *Galfer v. The City of Los Angeles*, et al., No. CV 13-00664 SJO (MRWx).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 13-00664 SJO (MRWx)
CV 14-00883 SJO (MRWx)
CONSOLIDATED

DATE: November 14, 2014

the City and DOT removed the State Action to this Court pursuant to 28 U.S.C. § 1441 (the "*Youssefyeh* Action"). (Notice 1.)

On August 6, 2014, the Court consolidated the *Youssefyeh* Action with the instant action (the "*Galfer* Action" or "*Galfer*"), pursuant to Federal Rule of Civil Procedure 42(a). (*See generally* Order Consolidating Cases ("Consolidation Order"), ECF No. 155.) The *Galfer* Action, as the lower-numbered case, was designated the Master File. (Consolidation Order 2.) The *Galfer* plaintiffs, like Plaintiff, each received parking citations that were processed in an allegedly unlawful manner. (FAC ¶¶ 14-81). Further, in their complaint, they similarly argued that the City and Xerox engaged in "widespread misconduct in the processing, review and collection of parking citations issued by the [City], which deprives millions of motorists of notice and a fair opportunity for a hearing guaranteed by the United States and California Constitutions and state and federal law." (First Am. Compl. ("FAC") ¶ 1, ECF No. 25.) The *Galfer* plaintiffs asserted, among others, the same four causes of action as Plaintiff.[2] (Consolidation Order 1.) Given the similarities between the plaintiffs' claims in the *Galfer* and *Youssefyeh* Actions, the Court ruled that consolidation would result in more efficient discovery and the uniform resolution of dispositive motions. (Consolidation Order 2.) Further, because Plaintiff's class action definition and claims are substantially identical to those in the *Galfer* Action, for which the Court previously denied the *Galfer* plaintiffs' motion for class certification, the Court denied class certification as to Plaintiff's claims. (*Youssefyeh* Order Consolidating Cases ("*Youssefyeh* Consolidation Order") 2, ECF No. 27.)

On September 8, 2014, Plaintiff filed a first amended complaint, abandoning her Section 1983 and Fourteenth Amendment claims. (*See generally Youssefyeh* First Am. Compl. ("*Youssefyeh* FAC"), ECF No. 158.) Plaintiff now seeks to remand the *Youssefyeh* Action to the Los Angeles Superior Court pursuant to 28 U.S.C. § 1447(c) because there is no longer a basis for federal question jurisdiction[3] in this Court.[4] (*See* Mot. 1, ECF No. 166.) The City opposes the Motion and argues

---

[2] In addition to the overlapping claims, the *Galfer* plaintiffs alleged negligence, conversion and trespass to chattels, unjust enrichment, and declaratory relief. (*See generally* FAC.)

[3] The parties failed to address whether diversity jurisdiction exists.

[4] In support of the Motion, Plaintiff included a draft of a joint stipulation, in which counsel for the parties informally stipulated that: (1) the *Youssefyeh* Action "should immediately be remanded"; (2) Plaintiff will dismiss with prejudice and will not pursue any claims arising out of her original Section 1983 claim; (3) with the approval of the state court judge assigned the remanded action, the state action will be stayed pending the appeal of a related case, *Weiss v. City of L.A.,* et al., Superior Court of Los Angeles, Case No. BS141354; and (4) each party will bear its own attorneys' fees and costs with respect to the remand of the action. (Decl. of Caleb Marker in Supp. of Mot. ("Marker Decl."), ECF No. 167, Ex. B Draft

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: CV 13-00664 SJO (MRWx)<br>CV 14-00883 SJO (MRWx)<br>**CONSOLIDATED** | DATE: **November 14, 2014** |

that the Court, based on its discretion pursuant to 28 U.S.C. § 1367 ("Section 1367"), should not remand the action. (Opp'n 2, ECF No. 170.)

II. DISCUSSION

    A. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c). The court does, however, have supplemental jurisdiction over state law claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction in such cases "should be rare . . . where a federal court without diversity jurisdiction is being asked to decide claims based wholly and exclusively on state law," *Acri v. Varian Assocs, Inc.*, 114 F.3d 999, 1001-02 (9th Cir. 1997), and "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . [where the court] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Thus, while a plaintiff "may not compel remand by amending [his] complaint to eliminate the federal claims which provided the basis for removal," *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), the court "has discretion to . . . decline to keep" the state law claims in consideration of the values of economy, convenience, fairness, and comity, and whether the plaintiff has engaged in forum manipulation. *Acri*, 114 F.3d at 1001; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 343-44 (1988).

    B. Motion to Remand

Plaintiff seeks to remand the action on the grounds that federal question does not exist as to the claims in her action because her FAC no longer alleges a Section 1983 claim and the City removed the action solely based on that claim. (*See generally* Mot.)

As the City correctly argues, upon dismissal of all federal law claims, the remand of a case removed from state court is not mandatory or automatic. (Opp'n 1.) *See Sparta*, 159 F.3d at 1213. Generally, however, "the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over state law claims when all federal claims have been dismissed." *Notrica v. Bd. of Supervisors of Cnty. of San Diego*, 925 F.2d 1211, 1213-14 (9th Cir. 1991) (internal quotation marks omitted) (quoting *Cohill*, 484 U.S. at 350 n.7). Further, the consolidation of the *Youssefyeh* Action with the *Galfer* Action, which

---

of Joint Stip. to Remand ¶¶ 5-8, ECF No. 167-2.) The joint stipulation was not filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  \_\_\_\_\_
Send  \_\_\_\_\_
Enter  \_\_\_\_\_
Closed  \_\_\_\_\_
JS-5/JS-6  \_\_\_\_\_
Scan Only  \_\_\_\_\_

CASE NO.: **CV 13-00664 SJO (MRWx)**            DATE: **November 14, 2014**
**CV 14-00883 SJO (MRWx)**
**CONSOLIDATED**

alleges a federal law claim, does not affect this analysis because "each case is distinct even if they are consolidated." *Dusky v. Bellesaire Invs.*, No. CV 07-00874 DOC, 2007 WL 4403985, at *4 (C.D. Cal. Dec. 4, 2007) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)). Thus, the Court treats the *Youssefyeh* and *Galfer* Actions "[a]s separate actions," so that "each case must satisfy jurisdiction on its own." *Monroe v. Gagan*, No. CV 00018 PHX, 2008 WL 4418155, at *3 (D. Ariz. Sept. 29, 2008) (citation omitted).

Without the Section 1983 and Fourteenth Amendment claims, independent of the *Galfer* Action, the Court lacks federal question jurisdiction over Plaintiff's claims in the *Youssefyeh* Action.[5] (*See generally Youssefyeh* FAC.) On this basis alone, the Court is inclined to remand the action, *see Notrica*, 925 F.2d at 1213-14, but will nonetheless address whether it will exercise its discretion to retain jurisdiction in the interests of economy, convenience, fairness, and comity. *See Acri*, 114 F.3d at 1001.

To support its arguments that the Court should exercise its discretion to decline to remand the *Youssefyeh* Action, first, the City alleges that the Motion would cause unnecessary and avoidable delay in this action. (Opp'n 2-3.) The Motion is allegedly aiming "only to seek a stay from the [state court] pending the outcome of an appeal in a related state case, and to file a motion for class certification in the distant future under state procedural law for class actions."[6] (Opp'n 2.)

---

[5] The City argues that determining whether Plaintiff's right to procedural due process under the California Constitution was violated is "indistinguishable" from whether such a violation under the Fourteenth Amendment occurred. (Opp'n 2.) However, Plaintiff's FAC no longer states a claim pursuant to the U.S. Constitution, and the analogous nature of the state and federal statutes alone does not create a federal question. *See, e.g., Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (holding that the district court should have remanded the action where the plaintiff's claims "did not arise under the U.S. Constitution or the laws under the United States" because "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) (holding that "[f]ederal question jurisdiction over a state law claim is not created just because a violation of federal law is an element of the state law claim" or because the state law claim is "premised on a violation of federal law").

[6] The Court notes that the email correspondence between the parties suggests that it was Xerox, not Plaintiff, that conditioned a possible remand of the *Youssefyeh* Action on a stay of proceedings pending the *Weiss* appeal, to which counsel for the City informally agreed. (*See* Marker Decl. Ex. A E-Mail Correspondence 6, ECF No. 167-1.) This undermines the City's characterization that the goal of Plaintiff's Motion was to stay proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

CASE NO.: **CV 13-00664 SJO (MRWx)**      DATE: **November 14, 2014**
              **CV 14-00883 SJO (MRWx)**
              **CONSOLIDATED**

However, it is not clear how a stay in the state court would affect the resolution of the action in this Court. There is no motion before this Court to stay the instant proceedings. Further, the *Galfer* plaintiffs, unlike Plaintiff, oppose such a stay. (*See generally* Pls.' Opp'n to Mot. to Intervene & to Stay, ECF No. 56.) Thus, a remand of the *Youssefyeh* Action and the potential stay of the state court proceedings is unlikely to delay the *Galfer* Action.

Second, the City argues that the Motion was made "months after the trial date was set when the City has already begun to prepare its trial defense in earnest." (Opp'n 2.) Although the actions were consolidated in the interest of judicial economy, the Court is not convinced that a remand would adversely affect that interest. The instant Motion was filed less than three months after consolidation, and the City has not provided evidence that the parties or the Court has "devoted substantial time and energy to resolving" the *Youssefyeh* Action. *See Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1061 (D. Minn. 2013). Since the consolidation, no motions involving Plaintiff, except the Motion to remand, have been filed. *Cf. Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (finding that where the parties did not file any motions and the court "ha[d] expended only modest effort in supervising this case . . . [and] has not performed any substantive legal analysis that will need to be duplicated or re-done by the state court," judicial economy weighs in favor of remand). On November 3, 2014, the *Galfer* plaintiffs and defendants filed cross-motions for summary judgment. (*See* ECF Nos.173, 177-78, 180.) However, Plaintiff did not file such a motion, nor was she named in the City's or Xerox's motions. (*See generally* ECF Nos. 173, 177.) Further, even if the City had expended substantial time and energy with regard to Plaintiff's claims, the efforts are unlikely to have been futile given the common causes of action and substantially identical factual and legal questions between the *Youssefyeh* and *Galfer* Actions. (*See Youssefyeh* Consolidation Order 1-2.) Additionally, out of "respect for [the Court's] sister state institutions," comity weighs in favor of allowing the Los Angeles Superior Court to apply state law to Plaintiff's state law claims. *See, e.g., Millar*, 236 F. Supp. 2d at 1120.

Third, although the City does not directly assert that Plaintiff was engaging in forum manipulation, the "concern . . . deserves some play in [the Court's] analysis." *See id.* at 1121. Here, although Plaintiff moved to remand over six months after removal and over two months after consolidation, it is "far from clear that any improper motive is the driving force" behind Plaintiff's alleged tardiness. *Id.; see also Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) (finding no forum manipulation where the plaintiffs dismissed their federal claims and moved to remand "with all due speed").

In sum, the interests of economy, convenience, fairness, and comity, as well as the lack of evidence raising concerns about forum manipulation, weigh against this Court retaining jurisdiction over Plaintiff's exclusively state law claims. The Court **GRANTS** Plaintiff's Motion.

MINUTES FORM 11
CIVIL GEN           Page 5 of 6          Initials of Preparer ___    : ___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Priority | _____ |
| Send | _____ |
| Enter | _____ |
| Closed | _____ |
| JS-5/JS-6 | _____ |
| Scan Only | _____ |

**CASE NO.:** CV 13-00664 SJO (MRWx)  
CV 14-00883 SJO (MRWx)  
CONSOLIDATED

**DATE:** November 14, 2014

III.    RULING

For the foregoing reasons, the Court **VACATES** and set aside its August 6, 2014 Consolidation Order. Case No. CV 14-00883 is **ORDERED SEVERED** from Case No. CV 13-00664. The *Youssefyeh* Action, Case No. CV 14-00664 is **REMANDED** to the Superior Court for Los Angeles County.

IT IS SO ORDERED.